# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARTURO GALINDO, | CASE NO. 1:03-CV-6652-AWI-LJO-P |
| Plaintiff, | FINDINGS AND RECOMMENDATIONS RECOMMENDING DEFENDANTS' MOTION TO DISMISS BE GRANTED AND THIS ACTION BE DISMISSED FOR FAILURE TO EXHAUST |
| v. | |
| STATE OF CALIFORNIA, et al., | |
| Defendants. | (Doc. 34) |

I.  Defendants' Motion to Dismiss

  A.  Procedural History

Plaintiff Arturo Galindo ("plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. This action is proceeding on plaintiff's complaint filed November 21, 2003, against defendants Goss, Nieves, Wedel, and Wilson for use of excessive force, in violation of the Eighth Amendment. On March 8, 2005, pursuant to the unenumerated portion of Federal Rule of Civil Procedure 12(b), defendants Goss, Nieves, and Wedel ("defendants") filed a motion to dismiss based on plaintiff's failure to exhaust the available administrative remedies prior to filing suit.[1] (Doc. 34.) Plaintiff filed an opposition on March 31, 2005.[2] (Doc. 35.)

///

---

[1] Defendant Wilson has not yet been located and served.

[2] Plaintiff was provided with notice of the requirements for opposing an unenumerated Rule 12(b) motion on August 25, 2004. Wyatt v. Terhune, 315 F.3d 1108, 1120 n.14 (9th Cir. 2003). (Doc. 17.)

1

B.     Legal Standard

Pursuant to the Prison Litigation Reform Act of 1995, "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). The section 1997e(a) exhaustion requirement applies to all prisoner suits relating to prison life. Porter v. Nussle, 435 U.S. 516, 532 (2002). Prisoners must complete the prison's administrative process, regardless of the relief sought by the prisoner and regardless of the relief offered by the process, as long as the administrative process can provide some sort of relief on the complaint stated. Booth v. Churner, 532 U.S. 731, 741 (2001). "All 'available' remedies must now be exhausted; those remedies need not meet federal standards, nor must they be 'plain, speedy, and effective.'" Porter, 534 U.S. at 524 (citing to Booth, 532 U.S. at 739 n.5). Exhaustion must occur prior to filing suit. McKinney v. Carey, 311 F.3d 1198, 1199-1201 (9th Cir. 2002). Plaintiff may not exhaust while the suit is pending. McKinney, 311 F.3d at 1199-1201.

The California Department of Corrections has an administrative grievance system for prisoner complaints. Cal. Code Regs., tit. 15 § 3084, et seq. "Any inmate or parolee under the department's jurisdiction may appeal any departmental decision, action, condition, or policy which they can reasonably demonstrate as having an adverse effect upon their welfare." Id. at 3084.1(a). Four levels of appeal are involved, including the informal level, first formal level, second formal level, and third formal level, also known as the "Director's Level." Cal. Code Regs. tit 15, § 3084.5 (2004).

Section 1997e(a) does not impose a pleading requirement, but rather, is an affirmative defense under which defendants have the burden of raising and proving the absence of exhaustion. Wyatt v. Terhune, 315 F.3d 1108, 1119 (9th Cir. 2003). The failure to exhaust nonjudicial administrative remedies that are not jurisdictional is subject to an unenumerated Rule 12(b) motion, rather than a summary judgment motion. Wyatt, 315 F.3d at 1119 (citing Ritza v. Int'l Longshoremen's & Warehousemen's Union, 837 F.2d 365, 368 (9th Cir. 1998) (per curium)). In deciding a motion to dismiss for failure to exhaust administrative remedies, the court may look

beyond the pleadings and decide disputed issues of fact. Wyatt, 315 F.3d at 1119-20. If the court concludes that the prisoner has failed to exhaust administrative remedies, the proper remedy is dismissal without prejudice. Id.

      C.     Discussion

In their motion, defendants argue that they are entitled to dismissal of this action because plaintiff did not exhaust the available administrative remedies. (Doc. 34, Motion.) Although plaintiff's appeal was granted at the first level of review, defendants contend that exhaustion did not occur because plaintiff did not win all the relief he sought in the appeal or in this suit. (Id., 4:22-23.) Defendants contend that despite the wording that the appeal was granted, it was actually a denial of the other relief requested in the appeal. (Id., 4:24-5:1.) Further, defendants contend that although the matter was referred for investigation, it was ultimately not substantiated. (Id., 4:4-6.) Defendants contend that plaintiff was required to take all the steps in the grievance process, and that although plaintiff ultimately filed an appeal at the Director's level, it was rejected because it had not been exhausted at the second level of review. (Id., 4:23-24 & 5:4-7.) Defendants contend that in any event, both the filing of the appeal at the Director's level and the rejection of the appeal occurred after this suit was filed. (Id., 5:7-9.)

In his opposition, plaintiff argues that there are two exceptions to the requirement that exhaustion occur prior to filing suit: futility and the prevention of irreparable harm. (Doc. 35, Opp., 2:11-18.) Plaintiff contends that he was victimized by staff at Corcoran on May 30, 2002, and that the incident at issue in this action was in retaliation against plaintiff. (Id., 2:23-3:2.) Plaintiff also contends that his attempts to complete the appeals process were met with rejections by staff. (Id., 3:8-28.)

The receipt of a Director's Level decision is not always necessary for exhaustion to occur. In some circumstances, the granting of an inmate appeal at a lower level may satisfy the exhaustion requirement. See Ross v. County of San Bernalillo, 365 F.3d 1181, 1187 (10th Cir. 2004); Clement v. California Dept. of Corr., 220 F.Supp.2d 1098, 1106 (N.D. Cal. Sept. 9, 2002); Brady v. Attygala, 196 F.Supp.2d 1016, 1019 (C.D. Cal. Apr. 17, 2002); Gomez v. Winslow, 177 F.Supp.2d 977, 985 (N.D. Cal. Aug. 28, 2001).

In this instance, plaintiff filed an inmate appeal on April 27, 2003, grieving the incident of excessive force at issue in this action. (Motion, Exhibit 1.) On June 3, 2003, a formal first-level appeal decision was issued granting the appeal. (Id.) The decision stated in relevant part, "Your appeal has received careful consideration and has been thoroughly researched . . . . Your allegations of staff misconduct have been referred for investigation . . . . In this case, the complaint was not substantiated." (Id., pg. 3.)

Where an appeal has been granted at a lower level and the complaint has been referred for investigation, this court has found exhaustion occurred. Hall v. Fairman, CV-F-99-5780 AWI SMS P; Brown v. Valoff, CV-F-01-6526 OWW LJO P.[3] In such situations, however, the investigation had not been concluded at the time the decision was issued, leaving nothing further for the plaintiff to appeal. Here, the conclusion of the investigation was set forth in the appeal decision and plaintiff was notified that his complaint had not been substantiated. Plaintiff is attempting to impose liability on defendants for using excessive force against him. Because plaintiff was notified in the appeal decision that his complaint against staff had not been substantiated, there was further relief available through the appeal process and plaintiff was obligated to pursue his appeal to the second level of review.

With respect to plaintiff's arguments, futility and irreparable harm are not exceptions to the exhaustion requirement. "All 'available' remedies must now be exhausted; those remedies need not meet federal standards, nor must they be 'plain, speedy, and effective.'" Porter, 534 U.S. at 524 (citing to Booth, 532 U.S. at 739 n.5). Further, a generalized fear of retaliation does not excuse the failure to exhaust. Hines v. Valhalla County Corr., No. 0C Civ.6935(SAS), 2002 WL 1822740, at *3 (S.D.N.Y. Aug. 8, 2002). Finally, plaintiff's general assertions that his attempts to exhaust were thwarted are insufficient to avoid dismissal of this action.

Plaintiff has set forth no evidence demonstrating that his attempts to pursue his appeal to the second level of review were precluded, leaving him with no further avenues of administrative

---

[3] This Court certified the decisions in both Brown and Hall for interlocutory appeal, and the appeals were accepted by the Ninth Circuit. 28 U.S.C. § 1292(b). Briefing and oral arguments have been completed, and the cases are pending decision.

4

review. Ngo v. Woodford, 403 F.3d 620, 631 (9th Cir. 2005). Although plaintiff's appeal was rejected when it was submitted to the Director's level of review, it was rejected because there had not been a second level decision and it did not therefore constitute a completion of all the administrative avenues. Id. Further, because the rejection of the appeal occurred after this suit was filed, dismissal of this suit would be mandated even if the court had found that exhaustion occurred as a result of the rejection. McKinney, 311 F.3d at 1199-1201.

    D.    Conclusion

Based on the foregoing, it is HEREBY RECOMMENDED that defendants' motion to dismiss for failure to exhaust, filed March 16, 2005, be GRANTED and this action be dismissed in its entirety, without prejudice, based on plaintiff's failure to exhaust prior to filing suit.[4]

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **thirty (30) days** after being served with these Findings and Recommendations, the parties may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

**Dated:   August 21, 2005**            /s/ Lawrence J. O'Neill
b9ed48                                    UNITED STATES MAGISTRATE JUDGE

---

[4] Defendant Wilson has not been located and served. However, because Wilson was involved along with the other three defendants in the incident of excessive force, dismissal of the claim against defendants Goss, Nieves, and Wedel for failure to exhaust results in dismissal of the claim against Wilson as well.